CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 22 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LOWELL MILLER, | ) | CASE NO. 7:16CV00492 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| VIRGINIA DEPARTMENT | ) | By: Hon. Glen E. Conrad |
| OF CORRECTIONS, ET AL., | ) | Chief United States District Judge |
| | ) | |
| Respondents. | ) | |

Lowell Miller, a Virginia inmate proceeding pro se, filed this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The court concludes that his petition must be summarily dismissed as untimely filed.[1]

I.

Miller's submissions and court records[2] indicate that on January 3, 2001, he was convicted in the Halifax County Circuit Court on felony charges of conspiracy, robbery, attempted robbery, and related offenses, and a misdemeanor charge of assault and battery. The Court sentenced Miller to fifty-nine years and twelve months, with forty-three years and twelve months suspended. The charges stemmed from the attempted robbery of a Food Lion employee and the robbery of a Pizza Hut restaurant. The Court of Appeals of Virginia denied Miller's appeal on July 6, 2001. Miller did not pursue an appeal to the Supreme Court of Virginia.

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

[2] Miller filed an earlier habeas petition in this court, Miller v. Commonwealth of Virginia, No. 7:15CV00036 (W.D. Va. July 7, 2015); in that case, after the respondent filed a motion to dismiss with copies of state court pleadings and orders attached, Miller moved for voluntary dismissal without prejudice, and the court granted that motion.

On August 30, 2002, Miller filed a petition for a writ of habeas corpus in the Circuit Court, arguing among other things that his trial attorney provided ineffective assistance pretrial and during appeal proceedings and that Miller was actually innocent. By final order dated November 14, 2002, the Court dismissed Miller's petition, finding no merit to the ineffective assistance and actual innocence claims. Miller did not appeal this disposition to the Supreme Court of Virginia. Instead, he filed a second petition for a writ of habeas corpus on January 23, 2003, in the Supreme Court of Virginia. This second petition was dismissed on March 6, 2003, as untimely filed.

Miller's current § 2254 petition was signed and dated on October 13, 2016, and was received in this court on October 19, 2016. He raises claims that trial counsel provided ineffective assistance by abandoning his appeal and that various "due process" violations allegedly occurred during trial proceedings.

II.

Habeas petitions filed under § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Generally, the one-year filing period begins to run from the date on which the judgment of conviction becomes final — when the availability of direct review is exhausted. See 28 U.S.C. § 2244(d)(1)(A). If the district court gives the petitioner notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

2

Miller's § 2254 petition is clearly untimely filed under § 2244(d)(1)(A).[3] When the Court of Appeals of Virginia denied Miller's direct appeal on July 6, 2001, he had thirty days — until August 6, 2001 — to note an appeal to the Supreme Court of Virginia, see Va. Sup. Ct. R. 5:14, but failed to do so. Accordingly, Miller's convictions became final and his federal habeas filing period began to run on August 6, 2001. That period expired one year later — on August 6, 2002.

The one-year period for filing a federal habeas petition stops running when a post-conviction proceeding is properly filed in a state court and remains stopped while the state proceeding is pending. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) (citing 28 U.S.C. § 2244(d)(2)). Miller filed his first state post-conviction petition on August 30, 2002, after the expiration of his one-year federal filing period on August 6 of that year. As such, the pendency of that state petition did not toll the federal filing clock. See id. at 327-28 (rejecting argument that filing period begins after post-conviction proceedings are completed). For the same reason, Miller's second state habeas petition filed in January 2003 also could not affect the running of the federal time period. Moreover, because the second state petition was dismissed as untimely, it did not qualify as a properly filed post-conviction action under § 2244(d)(2). See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (holding that a "state postconviction petition rejected by the state court as untimely" is not "properly filed" so as to toll federal habeas filing period).

---

[3] Miller does not allege that his claims are timely under § 2244(d)(1)(B), based on removal of a constitutional impediment to filing; under § 2244(d)(1)(C), based on a right newly recognized by the United States Supreme Court; or under § 2244(d)(1)(D), based on newly discovered facts. Thus, the court must calculate Miller's federal filing period under § 2244(d)(1)(A).

Furthermore, Miller recognizes that his § 2254 petition is untimely. He argues that the court should equitably toll the federal filing period for various reasons and address the merits of his habeas claims. The court finds no ground for such tolling in Miller's case.

Equitable tolling is available only in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted). Under this doctrine, Miller can avoid the time bar only if he can show (A) that he has diligently pursued a judicial remedy but an extraordinary circumstance beyond his control prevented him from meeting the deadline, Pace, 544 U.S. at 418; or (B) that he is actually innocent so that continued confinement works a miscarriage of justice, McQuiggin v. Perkins, __U.S.__, 133 S. Ct. 1924, 1931 (2013).

Miller first blames the lateness of his petition on his limited education and lack of knowledge of the law, including habeas filing deadlines. An inmate's pro se status, limited education, and ignorance of habeas law, however, are not sufficient grounds to justify equitable tolling, because these deficiencies are neither extraordinary nor outside the inmate's control. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Miller also argues that trial counsel's abandonment of him as a client should excuse his late filing of his federal habeas petition. After denial of Miller's direct appeal on July 6, 2001, Miller's trial attorney, James Edward Midkiff, mailed a letter and a copy of the Court of Appeal's order to Miller at the local jail where he had been held during trial proceedings. Miller never received this mailing because, in the meantime, he had been transferred. Jail staff marked the mailing as undeliverable, and it was returned to Midkiff at his office. Midkiff did not ensure

4

that Miller promptly received a copy of the Court's order denying his appeal and did not file an appeal to the Supreme Court of Virginia.

In February 2002, allegedly before Miller learned that his appeal had been denied in June 2001, he filed a complaint with the Virginia State Bar ("VSB") about Midkiff's failure to communicate with him. In a letter dated February 21, 2002, a VSB attorney notified Miller that the VSB would initiate an investigation. The letter also stated: "Please note that the duty of the [VSB] counsel assigned to your complaint is to prosecute ethical misconduct, not to represent or counsel you as a client."[4] (Pet. Ex., at 41, ECF No. 1.) Several months later, while still waiting for the VSB to complete its investigation, Miller filed his initial pro se state habeas petition on August 30, 2002.

Normally, "attorney negligence, however styled, does not provide a basis for equitable tolling," but tolling of the habeas filing period under § 2244(d) may be warranted "if the missed deadline results from attorney misconduct that is not constructively attributable to the petitioner," such as where a petitioner proves "that his attorney essentially 'abandoned' him." Holland v. Florida, 560 U.S. 631, 659 (2010) (Alito, J., concurring). Tolling is appropriate in such abandonment cases only where the attorney's conduct rose to the level of an "extraordinary circumstance" that prevented the petitioner from timely filing the pleading at issue. Id. at 653. The petitioner seeking such tolling must also demonstrate that he, himself, exercised "reasonable diligence" in pursuing his legal remedies. Id.

For purposes of this opinion, the court will presume, without finding, that Midkiff "abandoned" Miller as a client, beginning on the date when Midkiff's letter about the denial of the appeal was returned to him as undeliverable. Midkiff's subsequent failure to notify Miller of

---

[4] In February 2003, the VSB notified Miller by letter that Midkiff's failure to communicate with him about the denial of his appeal constituted a violation of professional ethics and Midkiff would face a hearing on that finding in April 2003.

the appellate court's order or otherwise aid him in preserving his option to appeal to the Supreme Court of Virginia left Miller, unknowingly, without counsel for several months. By the time Miller filed his VSB complaint about Midkiff in February 2002, more than a year after his conviction, a reasonably diligent client would have contacted the appellate court directly to learn the status of his appeal. Moreover, the VSB attorney warned Miller in late February 2002 that no one at the VSB was representing Miller's interests, thus putting him on notice of the need for him to protect those interests himself—either through conducting pro se research or by procuring other counsel. Accordingly, the court concludes that, at the most, Miller is entitled to equitable tolling until the end of February 2002, based on Midkiff's abandonment of him as a client.

Even when the court calculates Miller's one-year filing period as beginning on March 1, 2002, his § 2254 petition is unquestionably too late. Miller let 182 days of the federal filing period expire before filing his first state habeas petition on August 30, 2002, to toll the clock.[5] When the Circuit Court dismissed that habeas petition on November 14, 2002, the federal filing period began running again and expired 183 days later on May 16, 2003. Miller allowed nearly twelve years to pass before filing his first § 2254 petition in January 2015. That petition, voluntarily withdrawn in July 2015, was not a "properly filed application for State post-conviction or other collateral review" so as to qualify for tolling under § 2244(d)(2). Moreover, Miller then waited another year before filing his current § 2254 petition after the passage of more than thirteen years since the conclusion of his state court post conviction proceedings. Thus, the

---

[5] Miller also faults his trial attorney for failing to provide him with information about habeas deadlines. Counsel's alleged errors regarding state post conviction matters, however, excuse a litigant's procedural default only in limited circumstances not present here. See, e.g., Martinez v. Ryan, __U.S.__, __, 132 S. Ct. 1309, 1318 (2012) (holding that attorney errors in failing to raise substantial ineffective assistance claims can constitute "cause" to excuse procedural default of those claims during "initial-review collateral proceeding" and permit federal habeas review).

court cannot find that he has shown due diligence in pursuing available judicial remedies or extraordinary circumstances preventing him from doing so in a much more timely fashion.

Finally, as one more potential basis for equitable tolling, Miller argues that his continued confinement under these convictions would be a miscarriage of justice because he is actually innocent. "The miscarriage of justice exception applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted'" petitioner. McQuiggin, 133 S. Ct. at 1933 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). At the most, Miller argues that the evidence against him was unreliable and insufficient to support his guilt. He fails to point to any new evidence that would cause it to be more likely than not that no reasonable juror would have convicted him. Thus, he fails to state a colorable claim that he is actually innocent, and the miscarriage of justice exception cannot excuse the untimeliness of his current petition.

III.

In conclusion, the court will summarily dismiss Miller's § 2254 petition as untimely filed. An appropriate order will be entered this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 22nd day of December, 2016.

_____
Chief United States District Judge

7

Case 7:16-cv-00492-GEC-RSB   Document 9   Filed 12/22/16   Page 7 of 7   Pageid#: 88